IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.: 2:05-cr-289-F |
| | ) | |
| **GONZALO GARCIA-CRUZ** | ) | |

### MOTION TO SUPPRESS OR IN THE ALTERNATIVE MOTION FOR SUPPRESSION HEARING

**COMES NOW**, the Defendant, Gonzalo Garcia-Cruz by and through undersigned counsel, Michael J. Petersen, and pursuant to the Fourth Amendment, Fifth Amendment, and Equal Protection Clause of the Constitution moves this Court for an Order suppressing any and all evidence seized by the government as a result of the stop of Mr. Garcia-Cruz's vehicle. This evidence includes but is not limited to: (a) any and all physical evidence seized from the vehicle, (b) any and all statements made as a result of the illegal stop, search and seizure of the vehicle, and © any other "fruit" of the illegal stop, search and seizure. In the alternative, Mr. Garcia-Cruz requests this Court set a day and time for an evidentiary hearing to permit examination of the agents and officers involved in the vehicle stop and the subsequent search of that vehicle for the purpose of establishing evidence to support the legal arguments contained in this motion.

### Issues Presented

1)   Whether the Fifth Amendment Prohibits Police Interrogation Under The Guise of Routine Questioning

1

2) Whether the Equal Protection Clause and/or the Fifth Amendment Requires the Presence of an Interpreter Before an Officer Conducts an Inquiry Once That Officer Discovers That the Individual Does Not Speak English

3) Whether the Equal Protection Clause and/or the Fifth Amendment Prohibits Police Interrogation Without the Presence of an Interpreter When the Officer is Aware That the Individual Does Not Speak English

4) *Miranda* Prohibits Subsequent Government and/or Police Interrogation Without the Presence of an Attorney When Officers Have Been Told That the Individual Does Not Wish To Talk To Them

**Relevant Facts**

On November 19, 2005, Mr. Garcia-Cruz was operating his vehicle safely and within posted speed limits in the 4200 block of Mobile Highway. Nevertheless, Mr. Garcia-Cruz's vehicle was stopped by Montgomery Police Department officer Corporal G. Manora for a purported traffic violation.[1] After the vehicle was stopped, Officer Manora approached Mr. Garcia-Cruz's vehicle and asked him for identification. Mr. Garcia-Cruz does not speak English, and Officer Manora does not speak Spanish. Mr. Garcia-Cruz was subsequently arrested for Driving while Under the Influence of Alcohol. During a search of the vehicle a firearm was discovered by officers. Subsequently, officers and agents of the government discovered that Mr. Garcia-Cruz was in possession of a counterfeit Resident Alien Card and Social Security Card.

---

[1] Officer Manora alleges Mr. Garcia-Cruz was traveling 57 miles per hour in a stretch of Mobile Highway where the speed limit is 40 mph.

**Argument**

1.  The stop of Mr. Garcia-Cruz was not based upon probable cause or information indicating that he had violated any traffic laws. Therefore, the subsequent stop, search and seizure were improper and all evidence seized as a result of the unconstitutional stop, search, and seizure must be suppressed.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 88 S. C. 507, 514 (1967) (internal citations omitted).

One of those exceptions is the stop of a vehicle. However, police may only stop a vehicle if the totality of circumstances show that there is probable cause to believe occupant(s) have violated the law (i.e. committed a traffic violation or some other offense). *United States v. Arvizu*, 122 S. C. 744 (2002). And though a police officer may order an individual out of the vehicle once it is stopped, there must be some legitimate basis (i.e. traffic violation) for the stop of the vehicle. *Wren v. United States*, 517 U.S. 806 (1996); *Pennsylvania v. Mimms*, 434 U.S. 106 (1977). In this case, there was no reasonable basis or justification for the stop.

2.  The issue of whether the Equal Protection Clause and/or the Fifth Amendment requires the presence of an interpreter before an officer continues to conduct an inquiry and/or an investigation once that officer discovers that the individual does not speak English would appear to be an issue of first impression in this District and Circuit. However, the District Court for the

District of Kansas has wrestled with the issue of language and voluntariness in *United States v. Hernandez*, 944 F. Supp. 847, 853(U.S. Dist. KA, 1996) (holding that there was not sufficient clear and positive proof of an unequivocal and specific consent to search which was freely and intelligently given, or other adequate grounds to support the search of defendant's trunk, defendant's motion to suppress shall be granted). *See also United States v. Trejo-Islas*, 248 F. Supp. 2d 1072 (U.S. Dist. UT, 2002).

    3.    The issue of whether the Equal Protection Clause and/or the Fifth Amendment prohibits police interrogation without the presence of an interpreter when the officer is aware that the individual does not speak English appears to be a matter of first impression in this Court.

    4.    *Miranda* prohibits subsequent government and/or police interrogation without the presence of an attorney when officers have been told that the individual does not wish to talk to them. In *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), the United States Supreme Court held that the State may not use statements made by a defendant in a "custodial interrogation" unless it can show that the police employed certain procedural safeguards. Mr. Garcia-Cruz refused to talk to officers on November 19, 2005 as noted on a Montgomery Police Department *Miranda* form. Agent Henderson subsequently interrogated Mr. Garcia-Cruz on November 22, 2005 without the presence of an attorney.

    However, a defendant may waive these rights. But, the waiver must be voluntary, knowing, and intelligent. "Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden [of demonstrating a voluntary, knowing and intelligent waiver] is rightly on its shoulders." *Id*. at 475. *See also Colorado*

*v. Spring*, 479 U.S. 564, 572, 93 L. Ed. 2d 954, 107 S. Ct. 851 (1987). Mr. Garcia-Cruz would assert that, since he is illiterate, does not speak English, he is incapable of voluntarily, knowingly and intelligently waiving his rights without the presence of an attorney to explain to him just what his rights are.

The waiver of a defendant's Miranda rights is considered "knowing and intelligent" only where it is made with "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* Whether a defendant has voluntarily, intelligently, and knowingly waived his *Miranda* rights is a separate question from whether the challenged statement was made voluntarily. *Baskin v. Clark, 956 F.2d 142, 145 (7th Cir. 1992).* A court may find that a defendant made a valid waiver and yet still hold that a subsequent confession was not voluntary. See *Miller v. Fenton, 474 U.S. 104, 88 L. Ed. 2d 405, 106 S. Ct. 445 (1985).* Mr. Garcia-Cruz asserts that he neither voluntarily, intelligently, and knowingly waived his *Miranda* rights nor did he voluntarily make a subsequent statement.

**WHEREFORE,** Mr. Garcia-Cruz asks this Court to enter an order suppressing all evidence (statements and items) seized during and subsequent to the stop of the vehicle he was driving on November 19, 2005. This evidence includes, but is not limited to:

(a)  any and all physical evidence seized from the vehicle;

(b)  any and all statements made by Mr. Garcia-Cruz after any stop of the vehicle; and

©    any and all evidence obtained as a result or "fruit" of any such seizures.

The documents supporting the motion consist of this notice of motion, the attached memorandum of points and authorities, all documents and papers already on file with the court, as well as such additional oral and documentary evidence that the court permits counsel to present at

the hearing on the motion.

## Conclusion

Because the stop of Mr. Garcia-Cruz was in violation of the Equal Protection Clause, the questioning of Mr. Garcia-Cruz was in violation of the Fifth Amendment and there was no Fourth Amendment justification for the subsequent search of Mr. Garcia-Cruz's vehicle, any and all evidence, information or statements obtained as a result of his unlawful detention must be suppressed.

**WHEREFORE**, the Defendant prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the stop of his vehicle, and after conducting such hearing, issue an Order granting the motion and suppressing all evidence seized during the seizure or as a result thereof. Additionally, any and all statements obtained as a result of the unlawful seizure are "fruit of the poisonous tree" and are due to be suppressed as well. *See Mapp v. Ohio*, 367 U.S. 643, 654 (1961); *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

Dated this 23rd day of February 2006.

Respectfully submitted,

s/ Michael J. Petersen
MICHAEL J. PETERSEN
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org

ASB-5072-E48M

ASB-5072-E48M

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.: 2:05-cr-289-F** |
| ) | |
| **GONZALO GARCIA-CRUZ** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

      David Cooke, Esquire
      Assistant United States Attorney
      One Court Square, Suite 201
      Montgomery, Alabama 36104

      Respectfully submitted,

      s/ Michael J. Petersen
      MICHAEL J. PETERSEN
      Assistant Federal Defender
      201 Monroe Street, Suite 407
      Montgomery, Alabama 36104
      Phone: (334) 834-2099
      Fax: (334) 834-0353
      E-mail: michael_petersen@fd.org
      ASB-5072-E48M