IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05CR289-MEF |
| | ) | |
| GONZALO GARCIA-CRUZ | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby makes this, its response to the *Defendant's Motion to Suppress* filed February 23, 2006.

### Relevant Facts

On November 19, 2005, Montgomery Police Department Corporal G. Manora observed Mr. Garcia-Cruz's 1996 Mercury Sable moving at a high rate of speed in the 4200 block of Mobile Highway in Montgomery, Alabama.  Cpl. Manora's radar device confirmed his visual observation that Garcia-Cruz was speeding, and gave a reading of 57 miles per hour. Because the posted speed limit was 40 miles per hour, Cpl. Manora conducted a traffic stop of the vehicle.

After Mr. Garcia-Cruz stopped his car, Cpl. Manora asked him for his driver's license. Mr. Garcia-Cruz stated that he did not have one.  Cpl. Manora then returned to his motorcycle to run a check of Mr. Garcia-Cruz's tag.  As Cpl. Manora returned to his motorcycle, Mr. Garcia-Cruz backed his automobile over Cpl. Manora's motorcycle.  Although no one was hurt, Garcia-Cruz's car sustained minor damage to its rear bumper.

Montgomery Police Officer J.A. Smith and his partner Officer Haughton were riding in a patrol car nearby when they saw Mr. Garcia-Cruz back over Cpl. Manora's motorcycle. Stopping to assist Cpl. Manora, Officers Smith and Haughton noticed that Mr. Garcia-Cruz put

his car in drive and began to drive away, but they were able to stop him and ask him to step out of the car. As he stepped from the car, the officers noted that Mr. Garcia-Cruz was very intoxicated. He reeked of alcohol, and had trouble keeping his balance.

After Garcia-Cruz stepped from his car, Officer J.A. Smith patted him down for officer safety. Smith then approached Garcia-Cruz's car to conduct a "wingspan" pat-down of the car's passenger cabin, also for officer safety. Before entering the vehicle, Officer Smith shined his flashlight from the driver's side, and, in plain view, observed a Lorcin .380 handgun sitting in the center console between the two front seats.

While Officer Smith discovered the weapon, a Spanish-speaking officer, Cpl. C.A. Guy, asked Garcia-Cruz his name and date of birth. Garcia-Cruz gave three different dates of birth and ages, and mentioned he was born in Mexico. Cpl. Guy also helped administer field-sobriety tests on Mr. Garcia-Cruz. He failed them all (a later breath test would reveal Garcia Cruz's blood-alcohol level was .21, over twice the legal limit in Alabama).

The officers placed Garcia-Cruz under arrest for DUI, speeding, no proof of insurance, and driving without a license, and transported Garcia-Cruz to headquarters. Another Spanish-speaking officer, Sgt. Mercado, spoke with Garcia-Cruz to assist the officers in obtaining routine book-in information such as name, address, and date of birth. Garcia-Cruz again gave multiple dates of birth and ages. When Sgt. Mercado asked if Garcia-Cruz had any means of verifying his identity, Garcia-Cruz said he did in his wallet, and gave Sgt. Mercado permission to look in his wallet. In the wallet, Sgt. Mercado discovered what appeared to be counterfeit social security and resident alien cards. A telephone call to Immigration and Customs Special Agent David Henderson confirmed the cards were fraudulent.

Sgt. Mercado read Mr. Garcia-Cruz his *Miranda* warnings in Spanish and English, and asked for a statement about the counterfeit cards. Garcia-Cruz told Mercado he bought the cards on the street around September 11, 2001, but declined to comment further. The interview was then terminated.

On November 21, 2005, Special Agent Henderson interviewed Garcia-Cruz at the Montgomery Police Department. Sgt. Mercado acted as translator. Mercado advised Garcia-Cruz of his *Miranda* rights in Spanish, and Garcia-Cruz indicated he understood them. Next, Sgt. Mercado advised Garcia-Cruz that SA Henderson wished to ask him about his immigration status. At that point, Garcia-Cruz made an unsolicited statement that he was born in Mexico. Sgt. Mercado then asked Garcia-Cruz if he wished to answer questions about his immigration status. Garcia said he did not wish to answer questions, and the interview was terminated.

On November 29, 2005, Mr. Garcia-Cruz, with the advice and consent of his attorney, pled guilty in an Alabama State Court to the charges of driving under the Influence of alcohol, speeding (57mph in a 40 mph zone), no insurance, and driving without a license.

## Discussion

1. The Court Should Deny Garcia-Cruz's Motion Because Reasonable and Articuable Suspicion Existed for the Stop of His Automobile.

A. *The stop of the automobile*.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 808, 116 S. Ct. 1769, 1772 (1996). Because Officer Manora's visual observation and use of his radar device established probable cause to believe that Garcia-Cruz was speeding, the stop of Garcia-Cruz's automobile was reasonable, and the Motion to Suppress the evidence

gained from the stop should be denied.

    2. <u>The Court Should Deny Garcia-Cruz's Motion Because All of Garcia-Cruz's Custodial Statements Were Made Spontaneously or After a Voluntary Waiver of *Miranda* Rights.</u>

    A. *Mr. Garcia-Cruz's pre-arrest statements during the traffic-stop.*

A person detained during a traffic stop is not in custody for purposes of *Miranda*. *Berkemer v. McCarty*, 468 U.S. 420, 104 S. Ct. 3138 (1984). Because Mr. Garcia-Cruz's statements during the traffic stop were not custodial in nature, they are admissible and the Defendant's Motion to Suppress in that regard should be denied.

    B. *Mr. Garcia-Cruz's post-arrest statements during book-in.*

Prior to his *Miranda* warnings, but after the Defendant had been transported to the police station, Sgt. Mercado asked the Defendant routine booking information such as his name and date of birth. "An officer's request for 'routine' information for booking purposes is not an interrogation under *Miranda* even though that information turns out to be incriminating" *U.S. v. Sweeting*, 933 F. 2d 962 (11th Cir 1991). Because the information sought amounted only to routine booking questions, the Defendant's Motion to Suppress with regard to these statements should be denied.

    C. *Mr. Garcia-Cruz's post-arrest Mirandized statements regarding the counterfeit documents.*

On November 19, 2005, after hearing his *Miranda* warnings in Spanish and English, Mr. Garcia-Cruz admitted that he had bought the counterfeit documents on the street on or about September 11, 2001. He indicated that he understood all of his rights, but he declined to speak any further and the interview was terminated. Because Sgt. Mercado explained the Defendant's *Miranda* rights before he made the statement, his statement is admissible and the Defendant's

motion should be denied.

    D. *Mr. Garcia-Cruz's post-arrest Mirandized statements regarding his immigration status*.

Garcia-Cruz alleges that he was impermissibly re-interviewed on November 21, 2005, regarding his immigration status, after invoking his right to remain silent on November 19, 2005. Even if the defendant initially invokes his right to remain silent, if the police re-advise him of his rights, they may initiate questioning after a suitable time has elapsed. *Jackson v. Dugger*, 837 F. 2d 1469 (11th Cir. 1988), upholding the questioning and confession of a death-penalty defendant who was interrogated six hours after his initial refusal to answer police questions. Because Sgt. Mercado read Garcia-Cruz his *Miranda* warnings again, two days after his initial refusal to answer questions, any statement is admissible, and the Defendant's motion should be denied. *Jackson v. Dugger*, supra.

Additionally, even if the Court were to find Mr. Garcia-Cruz did not waive his right to remain silent, Garcia-Cruz's only statement in his second interview was an unsolicited statement that he was born in Mexico. Because this statement was made before any question had been posed to Mr. Garcia-Cruz, there is no 5th amendment implication, and the Defendant's motion to suppress should be denied.

    E. *Mr. Garcia-Cruz's contention that he was interrogated without an interpreter.*

From the moment Cpl. Manora discovered Garcia-Cruz might have limited proficiency in speaking English, only Spanish-speaking officers were in charge of communicating with Mr. Garcia-Cruz. Because Garcia-Cruz was questioned only by Spanish-speaking officers after the initial encounter, this contention is without merit and the motion should be denied.

WHEREFORE, the Government prays that the Court conduct an evidentiary hearing to review the facts and circumstances surrounding the subject search, and after conducting such hearing, issue an Order denying the Defendant's motion to suppress.

Respectfully submitted this the 6th day of March, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/K. David Cooke, Jr.
K. DAVID COOKE, JR.
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, AL 36104
Telephone: 334/223-7280
FAX: 334/223-7135
E-mail: david.cooke@usdoj.gov
GA Bar No: 184584

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:05CR289-MEF |
| ) | |
| GONZALO GARCIA-CRUZ ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2006, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Peterson, Esq.

                                            LEURA G. CANARY
                                            UNITED STATES ATTORNEY

                                            /s/K. David Cooke, Jr.
                                            K. DAVID COOKE, JR.
                                            Assistant United States Attorney
                                            1 Court Square, Suite 201
                                            Montgomery, AL 36104
                                            Telephone: 334/223-7280
                                            FAX: 334/223-7135
                                            E-mail: david.cooke@usdoj.gov
                                            GA Bar No: 184584