IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CR. NO. <u>2:05cr289-F</u> |
| ) | |
| GONZALO GARCIA-CRUZ ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:             MICHAEL PETERSEN

ASSISTANT U.S. ATTORNEY:     K. DAVID COOKE, JR.

**COUNTS AND STATUTES CHARGED:**
Count 1           18 U.S.C. § 922(g)(5)(A)

Count 2           42 U.S.C. § 1028(a)(6)

Count 3           18 U.S.C. § 1546(a)

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**
Count 1           18 U.S.C. § 922(g)(5)(A)

Count 2           18 U.S.C. § 1028(a)(6)

Count 3           18 U.S.C. § 1546(a)

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

<u>Count 1 18 U.S.C. § 922(g)(5)(A) Possession of a Firearm by an alien unlawfully or illegally in the United States</u>
Sentence of not more than $250,000 and a term of imprisonment of not more than 10 years or both. Special Assessment of $100.00 and a term of supervised release of not more than 3 years.

<u>Count 2 18 U.S.C. § 1028(a)(6), False Identification Documents</u>
Sentence of not more than $250,000 and a term of imprisonment of not more than 3 years, or both. Special Assessment of $100.00 and a term of supervised release of not more than 1 years.

<u>Count 3, 18 U.S.C. § 1546, Possession of Counterfeit Alien Registration Receipt Card</u>
Sentence of not more than $250,000 and a term of imprisonment of not more than 10 years, or both. Special Assessment of $100.00 and a term of supervised release of not more than 3 years.

**ELEMENTS OF THE OFFENSE(S):**
18 U.S.C. § 922(g)(5)(A), Possession of a Firearm by an alien unlawfully or illegally in the United States.

First:   The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and
Second:   That the defendant was illegally or unlawfully within the United States.

18 U.S.C. § 1028(a)(6), False identification documents.

First:   The defendant knowingly possessed a false identification document that appeared to be a U.S. identification document;
Second:   The defendant did so without lawful authority;
Third:   The defendant did so knowing that identification document was produced without lawful authority.

18 U.S.C. § 1546(a), Possession of Counterfeit Alien Registration Receipt Card.

First:   The defendant knowingly possessed a forged counterfeit, altered, or falsely made registered alien receipt card as charged;
Second:   The defendant knew the card was a forgery/counterfeit.

* * * * * * * * * * * * * * * * * * * * * * * * *

K. David Cooke, Jr., Assistant United States Attorney, and MICHAEL PETERSEN, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1. Upon the defendant entering a plea of guilty to Counts 1, 2 and 3 of the Indictment, the defendant will receive a two level reduction in the applicable offense level under the provisions of the Federal Sentencing Guidelines § 3E1.1(a) for Acceptance of Responsibility.

2

2. Pursuant to Rule 11(c)(1)(A), the government agrees not to pursue any criminal charges related to the Defendant's use of the counterfeit documents referenced in Counts 2 and 3 of the indictment.

3. Pursuant to Rule 11(c)(1)(C), the government will not oppose the sentences imposed in Counts 2 and 3 running concurrently with Count 1.

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the indicted offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

5. The defendant agrees to the following:

   a. To plead guilty to Counts 1, 2 and 3 of the Indictment;

   b. The defendant agrees that based upon the United States' sentence recommendation in this case, the defendant will not file any motions for a downward departure. If the defendant files a motion for a downward departure, this agreement will be void in its entirety.

   c. **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except the defendant does not waive the right to appeal based upon ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal

history) or 5K2.0 (from offense level). Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals defendant's sentence pursuant to 18 U.S.C. § 3742, Defendant is released from this waiver.

## FACTUAL BASIS

d. The defendant understands the nature of the charges to which the plea is offered involves proof as follows:

Counts 1, 2 and 3 were committed within the Middle District of Alabama.

As to Count 1, the defendant admits that on or about November 19, 2005, being an alien who was unlawfully and illegally in the United States, he possessed a Lorcin .380 caliber pistol. The defendant stipulates that the pistol had traveled in and affected interstate commerce, in violation of Title 18 United States Code, Section 922(g)(5)(A). The defendant admits that he possessed this firearm at the time of his traffic stop.

As to Count 2, the defendant admits that on or about November 19, 2005, the defendant possessed a counterfeit Social Security card, knowing that it had not been produced with lawful authority, in violation of Title 18, United States Code, Section 1028(a)(6).

As to Count 3, the defendant admits that on or about November 19, 2005, the defendant possessed a counterfeit alien registration receipt card bearing his name, knowing that it had not been produced with lawful authority, in violation of Title 18, United States Code, Section 1546(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The defendant, before entering a plea of guilty to Counts 1, 2 and 3 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

      a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

      b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100.00 assessment per count is to be paid by the defendant on the date of sentencing.

      c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the

aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further advises the Court that it is understood that the parties can only enter an agreement which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has a right to withdraw the plea should the Court refuse to accept the plea agreement pursuant to Rule 11(c)(1)(C).

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

7. The defendant understands that the U.S. Probation Office will prepare a pre-sentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense

level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the court determines defendant's offense level or criminal history category to be higher than defendant anticipated, the defendant will have a right to withdraw the plea pursuant to Rule 11(c)(1)©.

Respectfully submitted on this ____ day of April, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Andrew O. Schiff, Deputy Chief
Criminal Division

_____
K. David Cooke, Jr.
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, MICHAEL PETERSEN.

_Gonzalo Garcia_
GONZALO GARCIA-CRUZ
Defendant

18 April 2006
Date

_Michael Petersen_ (signature)
MICHAEL PETERSEN
Attorney for the Defendant

18 April 2006
Date